*E-Filed 11/1/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GREGORY C. HARRISON,

    Plaintiff,

    v.

R. MORRING, and
LT. IPPOLITO,

    Defendants.

No. C 10-3701 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner against officials and employees of Salinas Valley State Prison ("SVSP"). The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges that (1) defendant Morring, a correctional officer at SVSP, violated his right to due process when he filed a false report against plaintiff, resulting in a disciplinary hearing and, consequently, plaintiff losing time credits and having to spend time in the Secured Housing Unit; (2) defendant Ippolito, the hearing officer at plaintiff's disciplinary hearing regarding Morring's charges, violated plaintiff's right to due process by failing to call requested witnesses to testify at the hearing; (3) defendant Morring assaulted plaintiff on April 26, 2010, in violation of the Eighth Amendment; and (4) the SVSP appeals coordinator engages in a practice of intentionally barring or impeding access to the administrative grievances system and the courts by improperly screening out inmate grievances. Plaintiff asks for the return of his time credits, as well as punitive and compensatory damages.

Claims 1 and 2 relate to the length of plaintiff's sentence, and therefore are more properly brought by way of a habeas petition. Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition, rather than a civil rights action, if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim). Accordingly, claims 1 and 2 are DISMISSED without leave to amend. If plaintiff seeks relief for these claims by way of a habeas petition, he must exhaust these claims in the state courts before filing a federal habeas petition.

Claim 3, when liberally construed, appears to be cognizable in a § 1983 action. Claim 4, however, does not. First, plaintiff fails to allege specific facts regarding a specific incident, but rather gives a conclusory, generalized statement. Without more specific allegations, such as the name of the appeals coordinator and specific acts he or she allegedly took to violate plaintiff's rights on specific occasions, this claim cannot be cognizable. Second, a prison official's failure to process grievances, without more, is not actionable under § 1983, *see Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993), because a prison grievance procedure is a procedural right that does not give rise to a protected liberty interest requiring procedural protections of the Due Process Clause, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, any such claim brought by plaintiff would not be cognizable. A claim of right of access to the courts, however, may be. The right of meaningful access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Plaintiff must allege, however, that the appeals coordinator prevented him from pursuing some specific legal action — generalized comments are not sufficient to state a claim.

Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint correcting the deficiencies described in this order within 30 days from the date this order is filed. Failure to file an amended complaint by such time will result in dismissal of the action without further notice to plaintiff. Plaintiff can simply reallege claim 3 as it appears in the original complaint, but he must amend claim 4 if he chooses to present it in his amended complaint. Plaintiff may not reallege claims 1 and 2, but instead may pursue relief on those claims by way of a habeas petition. Plaintiff must exhaust such claims in state court before filing a federal habeas petition.

The first amended complaint must include the caption and civil case number used in this order (10-3701 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may <u>not</u> incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: October 28, 2010

_____
RICHARD SEEBORG
United States District Judge