*E-Filed 6/17/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GREGORY C. HARRISON,

    Plaintiff,

    v.

R. MORRING, and
LT. IPPOLITO,

    Defendants.

No. C 10-3701 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion to dismiss for failure to exhaust administrative remedies is GRANTED.

## BACKGROUND

In his amended complaint, plaintiff alleges that on April 26, 2010, defendant R. Mooring ("defendant"), a correctional officer at Salinas Valley State Prison ("SVSP"), punched him, choked him, and slammed his back into the wall while he was in handcuffs, thereby violating plaintiff's Eighth Amendment rights. Defendants move to dismiss the action because plaintiff failed to exhaust his administrative remedies prior to filing suit. It is

necessary, then, to review plaintiff's grievance history.

The following facts are undisputed. On June 21, 2010, plaintiff submitted an inmate grievance to contest a prison disciplinary hearing finding that he was guilty of battering defendant.[1] Plaintiff attached two additional pages to his grievance describing his claims, and a citizen's complaint that defendant assaulted him on April 26, 2010. This June 21, 2010 inmate grievance was thrice rejected. It was first rejected because it was a duplicate of a previously submitted appeal. Plaintiff resubmitted the grievance and withdrew his previously submitted appeal. This resubmitted grievance was rejected on July 1, 2010 because plaintiff had not attached the necessary supporting documents, and his appended description of his claims exceeded the permissible page limit. Plaintiff submitted the grievance for a third time, on July 8, 2010, which was rejected for the same reasons as the second was rejected. Plaintiff was instructed to resubmit his grievance, and to attach to it documents relevant to the disciplinary hearing, such as the rules violation report. Plaintiff was also told that that his grievance appeal would be cancelled if he resubmitted the grievance without following these directions.

## DISCUSSION

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

---

[1] Defendants assert, and plaintiff does not dispute, the following. Plaintiff had submitted a previous grievance (dated May 10, 2010) in which he claimed that defendant had filed a false report that plaintiff battered a peace officer. This May 10th grievance contained no allegations that defendant used excessive force against plaintiff. Plaintiff filed a letter on July 7, 2010 regarding the results of his disciplinary hearing. This also contained no allegations that defendant used excessive force.

Compliance with prison grievance procedures is all that is required to "properly exhaust." *Jones v. Bock*, 127 S. Ct. 910, 922–23 (2007). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act [42 U.S.C. § 1997e], that define the boundaries of proper exhaustion. *Id*. at 923. The inmate's grievance must be sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). A grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. *Woodford*, 548 U.S. at 90.

To exhaust properly administrative remedies in California state prisons, inmates must proceed through a four-step process, which consists of (1) an informal attempt at resolution; (2) a first-level formal appeal; (3) a second-level appeal to the institution head; and (4) an appeal to the Director of the California Department of Corrections and Rehabilitation. *See* 15 Cal. Code Regs. § 3084.5. As applied to this case, it is undisputed that plaintiff did not press his grievance through to the director's level of review. Therefore, plaintiff did not exhaust his administrative remedies, and defendants' motion must be granted, unless an exception to exhaustion applies. One exception occurs when "a prison official renders administrative remedies effectively unavailable by improperly screening a prisoner's grievances." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). To fall within this exception, an inmate "must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823–24.

As to (2), the record indicates that the grievances were screened for reasons consistent with, and supported by, applicable regulations. The regulations specifically permit the

screening out of grievances that are duplicative, do not contain necessary documentation, or contain excess verbiage. 15 Cal. Code Regs. § 3084.3(a), (c); § 3084.4(c).

Plaintiff asserts, however, that he did not refile his grievance after the third rejection because there were "no remedies available" and that SVSP officials engaged in misconduct when they screened out his grievances. (Pl.'s Opp. ("Opp.") to Defs.' Mot. to Dismiss at 3–4.) Plaintiff cites as authority *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005). In *Brown*, the Ninth Circuit held that "a prisoner need not press on to exhaust further levels of review once he has either received all "available" remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." *Id.* at 935. *Brown* is inapposite to the situation here. Plaintiff had not been informed that no remedies were available, nor did he receive all available remedies. Rather, he was informed that he could resubmit his grievance — an available remedy — provided that he included certain documents.

Plaintiff counters that the relevant documents were "unavailable." (Opp. at 4.) This assertion, however, is unavailing. Apart from the rules violation report ("RVR"), plaintiff does not explain why the required documents were "unavailable." That is, plaintiff does not specify whether or how he sought to obtain these documents, and why his requests, if any, for these documents were ignored or denied. As to the RVR, plaintiff gives discrepant receiving dates. In one filing he asserts that he received a "final copy" of the RVR on August 26, 2010. (Docket No. 19 at 5.) In an earlier filing, he asserts that he received a "final copy" of the RVR on July 7, 2010. (Docket No. 1 at 35.) This earlier date of receipt is corroborated by a prison document (dated July 12, 2010), submitted by plaintiff with his complaint, which states that he had "attached [to a grievance] a copy of the RVR you received." (Docket No. 1 at 40.) Plaintiff's own admission shows that he had a copy of the RVR by July 7, 2010, and therefore could have submitted this document with his July 8th appeal, and with any subsequent appeals. Because plaintiff fails to specify his attempts to obtain the other documents, he has not shown, per *Sapp*, that his grievances were improperly

screened out, or that administrative remedies were unavailable. The record, then, shows that plaintiff failed to exhaust his claims properly prior to filing the instant action. Accordingly, defendants' motion to dismiss (Docket No. 11) is GRANTED. The action is hereby DISMISSED without prejudice.

Plaintiff's request to submit an addendum (Docket No. 10), and his motion to amend (Docket No. 16) are DENIED. By these filings, plaintiff seeks to add claims regarding a disciplinary hearing. Such claims are unrelated to the excessive force claims at issue here, and must be filed as a separate action. *See* Fed. R. Civ. P. 15 & 20. If resolution of those claims would affect the length of plaintiff's sentence, he must bring such claims through a petition for writ of habeas corpus. The Clerk shall enter judgment in favor of defendants, terminate Docket Nos. 10, 11 & 16, and close the file.

**IT IS SO ORDERED**.

DATED: June 17, 2011

RICHARD SEEBORG
United States District Judge